# Exhibit A



# Bexar County

## District Clerk/County Clerk Search

## Full Case Information

## Case Summary

---

### Case Information for Cause #: 2015CI19460

**BRYAN P CARTALL ET AL vs CHUBB LLOYDS INSURANCE COMPANY OF TEXAS ET AL**

| | |
|---|---|
| Cause No. : | 2015CI19460 |
| Name : | BRYAN P CARTALL |
| Business Name : | |
| Litigant Type : | PLAINTIFF |
| Date Filed : | 11/20/2015 |
| Docket Type : | INSURANCE |
| Case Status : | PENDING |
| Court : | 073 |

*Information as of: 01/04/2016 11:05:10 AM*

# Case History

*Currently viewing 1 through 7 of 7 records.*

| Type/Sequence | Date Filed | Description |
|---|---|---|
| P00001 | 11/20/2015 | JURY FEE PAID |
| P00002 | 11/20/2015 | PETITION |
| P00003 | 11/20/2015 | SERVICE ASSIGNED TO CLERK 1 |
| S00001 | 11/23/2015 | CITATION<br>CHUBB LLOYDS INSURANCE COMPANY OF TEXAS<br>ISSUED: 11/23/2015 |
| S00002 | 11/23/2015 | CITATION<br>ROBERT LYNN PRITCHARD JR<br>ISSUED: 11/23/2015 RECEIVED: 12/1/2015<br>EXECUTED: 12/14/2015 RETURNED: 12/21/2015 |
| P00004 | 12/10/2015 | AFFIDAVIT OF<br>RONNIE GRIMES |
| P00005 | 12/23/2015 | ORIGINAL ANSWER OF<br>CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS<br>AND ROBERT LYNN PRITCHARD JR |

1/4/2016 11:06 AM

PRIVATE PROCESS          Case Number: 2015-CI-19460



2015CI19460 S00001

**BRYAN P CARTALL ET AL**
**VS.**
**CHUBB LLOYDS INSURANCE COMPANY OF TEXAS**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To: CHUBB LLOYDS INSURANCE COMPANY OF TEXAS

BY SERVING ITS REGISTERED AGENT, BRYAN TOWER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 20th day of November, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF NOVEMBER A.D., 2015.

PETITION



THOMAS C HALL
ATTORNEY FOR PLAINTIFF
115 E TRAVIS ST 700
SAN ANTONIO, TX 78205-1604

**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Victoria R Angeles,* Deputy

---

**OFFICER'S RETURN**

I received this citation on _____ at _____o'clock ___M. and:(  ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or (  ) **not executed** because :_____ Fees:_____ Badge/PPS #:_____;
Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS          Case Number: 2015-CI-19460



2015CI19460 S00002

**BRYAN P CARTALL ET AL**
**VS.**
**CHUBB LLOYDS INSURANCE COMPANY OF TEXAS**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: ROBERT LYNN PRITCHARD JR

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 20th day of November, 2015.

·ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF NOVEMBER A.D., 2015.

PETITION

Linda Lambrecht
Professional Civil Pro...
#SCH-763

THOMAS C HALL
ATTORNEY FOR PLAINTIFF
115 E TRAVIS ST 700
SAN ANTONIO, TX 78205-1604

**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Victoria R Angeles,* Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because ⁵_____ Fees:_____ ·· Badge/PPS #:_____ ·-ᴳ Date certification expires:_____ . ·-ᵃⁿˢ
_____County, Texas.

By:_____

OR: ⸴VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

NOTARY PUBLIC, STATE OF TEXAS

OR:· ' My name is_____, my date of birth is_____, and my address is ⸴_____, _____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____,·20_____.

Declarant          FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

# 73rd District Court of BEXAR County, Texas

100 DOLOROSA ST. #401 SAN ANTONIO TX 78205

FILED
12/10/2015 1:47:56 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Frances Gonzales

## CASE #: 2015-CI-19460

BRYAN P. CARTALL AND REBECCA P. CARTALL

*Plaintiff*

**VS**

CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT LYNN PRITCHARD, JR.

*Defendant*

### AFFIDAVIT OF SERVICE

I, RONNIE GRIMES, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit. That I received the documents
stated below on 12/03/15 4:48 pm, instructing for same to be delivered upon Chubb
Lloyds Insurance Company Of Texas By Delivering To Its Reg/Agent, Bryan Tower.

| | |
|---|---|
| That I delivered to | : Chubb Lloyds Insurance Company Of Texas By Delivering To Its<br>: Reg/Agent, Bryan Tower. By Delivering to Michael Daugherty, Vice<br>: President |
| the following | : CITATION AND PLAINTIFFS' ORIGINAL PETITION |
| at this address | : 2001 Bryan St. Ste. 3400<br>: Dallas, Dallas County, TX 75201 |
| Manner of Delivery | : by PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : December 4, 2015 9:43 am |

My name is RONNIE GRIMES, my date of birth is October 26th, 1991, and my address is
Professional Civil Process Dallas, Inc., 2206 Century Center Blvd., Irving TX 75062,
and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Dallas County, State of Texas, on the ____4th____ day of
__December__ , 20_5_.

_____
RONNIE GRIMES                                    Declarant
1412

Texas Certification#: SCH-10075 Exp. 12/31/15

Private Process Server
Professional Civil Process, San Antonio          PCP Inv#: D15C00003
830 N.E. Loop 410,Ste-209 San Antonio TX 78209   SO  Inv#: S15C00001
(210) 829-1313

AX02S15C00001
ronnieg

+ Service Fee:   70.00
Witness Fee:     .00
Mileage Fee:     .00
                 Hall, Thomas C.

**E-FILE RETURN**

PRIVATE PROCESS      Case Number: 2015-CI-19460

2015CI19460 S00001

**BRYAN P CARTALL ET AL**

**VS.**

**CHUBB LLOYDS INSURANCE COMPANY OF TEXAS**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: CHUBB LLOYDS INSURANCE COMPANY OF TEXAS

Delivered This___Day OF___

BY_____

Professional Civil Process

BY SERVING ITS REGISTERED AGENT, BRYAN TOWER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 20th day of November, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF NOVEMBER A.D., 2015.

PETITION

THOMAS C HALL
ATTORNEY FOR PLAINTIFF
115 E TRAVIS ST 700
SAN ANTONIO, TX 78205-1604



**Donna Kay M⸰Kinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Victoria R Angeles,* Deputy

---

**OFFICER'S RETURN**

I received this citation on _____ at _____o'clock ___M. and:( ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) **not executed** because_____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant     ORIGINAL (DK002)



**BEXAR COUNTY DISTRICT CLERK**

## REQUEST FOR PROCESS

Cause No. _____

Style:

BRYAN P. CARTALL, ETAL.

vs.                                             Court _____

CHUBB LLOYDS INSURANCE COMPANY

Request the following process: (please check what applies)

Citation __XXX__      Temp. Restraining Order ____      Temp. Protective Order ____

Notice ____      Notice on Temp Protective Order _____

Precept w/hearing ____      Precept without a hearing ____

Other: _____

**\*\*Type of document to be served:\*\***

\*\*                                 ORIGINAL PETITION

Parties to be served (PLEASE TYPE OR PRINT)

1. CHUBB LLOYDS INSURANCE COMPANY

Registered Agent: BRYAN TOWER

Address 2001 BRYAN STREET, STE. 3400 Type\* PRIVATE PROCESS

DALLAS, TX 75701

2. ROBERT LYNN PRITCHARD, JR.

Registered Agent: __—__

Address 2015 FLAMINGO STREET          Type\* PRIVATE PROCESS

SAN ANTONIO, TX 78209

3. _____

Registered Agent: _____

Address_____ Type\* _____

4. _____

Registered Agent: _____

Address_____ Type\* _____

5. _____

Registered Agent: _____

Address_____ Type\* _____

\*Type: Sheriff; Constable Pct.__; Private Process; Certified Mail; Registered Mail; Out of County; Out of State; Secretary of State; Commissioner of Insurance;

Name of Attorney/Pro se: __THOMAS C. HALL__          Bar. No.: __08774550__

Address: __115 E. TRAVIS STREET, SUITE 700__          Phone No.: __210/222-2000__

__SAN ANTONIO, TX 78205__

Attorney for Plaintiff XXX     Defendant          Other

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED BRYAN P. CARTALL, ET. AL. V. CHUBB LLOYDS INSURANCE CO.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Thomas C. Hall | Email:<br><br>hall@tomhall-lawyer.com | Plaintiff(s)/Petitioner(s):<br><br>BRYAN P. CARTALL<br>REBECCA P. CARTALL | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br><br>115 E. Travis St., Ste. 700 | Telephone:<br><br>210-222-2000 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>San Antonio, TX 78205 | Fax:<br><br>210-222-1156 | Defendant(s)/Respondent(s):<br><br>CHUBB LLOYDS INSURANCE<br>AND ROBERT LYNN<br>PRITCHARD, JR. | Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |
| Signature:<br><br>[signature] | State Bar No:<br><br>08774550 | *(Attach additional page as necessary to list all parties)* | |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | Post-judgment Actions<br>(non-Title IV-D) |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | ☐Enforcement |
| **Debt/Contract** | ☐Assault/Battery | ☐Eminent Domain/ | ☐Annulment | ☐Modification—Custody |
| ☐Consumer/DTPA | ☐Construction | Condemnation | ☐Declare Marriage Void | ☐Modification—Other |
| ☐Debt/Contract | ☐Defamation | ☐Partition | *Divorce* | **Title IV-D** |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Quiet Title | ☒With Children | ☐Enforcement/Modification |
| ☐Other Debt/Contract: | ☐Accounting | ☐Trespass to Try Title | ☐No Children | ☐Paternity |
| | ☐Legal | ☐Other Property: | | ☐Reciprocals (UIFSA) |
| *Foreclosure* | ☐Medical | | | ☐Support Order |
| ☐Home Equity—Expedited | ☐Other Professional | | | |
| ☐Other Foreclosure | Liability: | **Related to Criminal** | **Other Family Law** | **Parent-Child Relationship** |
| ☐Franchise | | **Matters** | ☐Enforce Foreign | ☐Adoption/Adoption with |
| ☒Insurance | ☐Motor Vehicle Accident | ☐Expunction | Judgment | Termination |
| ☐Landlord/Tenant | ☐Premises | ☐Judgment Nisi | ☐Habeas Corpus | ☐Child Protection |
| ☐Non-Competition | *Product Liability* | ☐Non-Disclosure | ☐Name Change | ☐Child Support |
| ☐Partnership | ☐Asbestos/Silica | ☐Seizure/Forfeiture | ☐Protective Order | ☐Custody or Visitation |
| ☐Other Contract: | ☐Other Product Liability | ☐Writ of Habeas Corpus— | ☐Removal of Disabilities | ☐Gestational Parenting |
| | List Product: | Pre-indictment | of Minority | ☐Grandparent Access |
| | | ☐Other: _____ | ☐Other: | ☐Parentage/Paternity |
| | ☐Other Injury or Damage: | | | ☐Termination of Parental |
| | | | | Rights |
| | | | | ☐Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline | | |
| ☐Retaliation | ☐Antitrust/Unfair | ☐Perpetuate Testimony | | |
| ☐Termination | Competition | ☐Securities/Stock | | |
| ☐Workers' Compensation | ☐Code Violations | ☐Tortious Interference | | |
| ☐Other Employment: | ☐Foreign Judgment | ☐Other: _____ | | |
| | ☐Intellectual Property | | | |

| Tax | Probate & Mental Health | | |
|---|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult | |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor | |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health | |
| | ☐Other Estate Proceedings | ☐Other: _____ | |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case):*

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000 —
☐Over $1,000,000

FILED
11/20/2015 2:09:51 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

**J/D 2 CITS PPS SAC1**

CAUSE NO. **2015CI19460** _____

| | | |
|---|---|---|
| BRYAN P. CARTALL AND | * | IN THE DISTRICT COURT |
| REBECCA P. CARTALL | | |
| | | |
| VS. | * | **73RD** _____ JUDICIAL DISTRICT |
| | | |
| CHUBB LLOYDS INSURANCE | | |
| COMPANY OF TEXAS AND | | |
| ROBERT LYNN PRITCHARD, JR. | * | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, BRYAN P. CARTALL and REBECCA P. CARTALL, hereinafter referred to as, "Plaintiffs", complaining of CHUBB LLOYDS INSURANCE COMPANY OF TEXAS, (hereinafter referred to as, "CHUBB"), and ROBERT LYNN PRITCHARD JR., (hereinafter referred to as "PRITCHARD"), and files this, their Original Petition and for cause of action would respectfully show unto the Court the following:

### I. DISCOVERY-CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3 and affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiffs seek monetary relief over $100,000.

### II. CLAIM FOR RELIEF

Plaintiffs seek monetary relief over $200,000.00 but not more than $1,000,000.00 (Tex. R. Civ. P. 47(c)(4).)

**Page 1 of 15**

### III. PARTIES

Plaintiffs are individuals residing in Bexar County, Texas.  Plaintiffs' home is located at 15 Parman Place, San Antonio, Texas.

Defendant, Chubb, is a domestic Lloyds, insurance company engaged in the business of insurance in Texas. Defendant, Chubb, may be served with process by serving its registered agent, *Bryan Tower, 2001 Bryan Street, Suite 3400, Dallas, Texas 75701*, by private process

Defendant, Pritchard, is a natural person who resides in the State of Texas and may be served with process, at *2015 Flamingo St., San Antonio, Texas 78209*, by private process.

### IV. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such act or thing, and it was done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

### V. CONDITIONS PRECEDENT

All of the conditions precedent to bringing this suit under the policy and to the Defendants' liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred.  More than sixty days prior to the filing of

this petition, written demand for payment and notice of complaint pursuant to the Texas Insurance Code were sent or compliance with said notice is excused. All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law. Plaintiffs complied with all terms and conditions of the policy, but his claims were nonetheless denied and/or partially denied. Such denials/partial denials and refusals to pay waive any further compliance with said policy by Plaintiffs, and leave them free to sue for those benefits to which they are entitled that were denied, partially denied or underpaid.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code; the Texas Deceptive Trade Practices Act; for breach of contract and for recovery under a policy of insurance. Plaintiffs are consumers of Defendant, Chubb in that they purchased insurance from Defendant, Chubb, and/or service to be provided by Defendant, Chubb. Defendants are individuals, corporations, associations, partnerships, or other legal entities engaged in the business of insurance. Defendant, Chubb, and Defendant, Pritchard, constitute persons as that term is defined in Chapter 541 of the Texas Insurance Code.

### VI. FACTS

Plaintiffs are the owners of Insurance Policy No. 001266775404\00001, issued by Defendant, Chubb. On August 10, 2014, a water heater leak occurred, causing damages to Plaintiffs' home located at 15 Parman Place, San Antonio,

Texas 78230.  Plaintiffs reported a claim for the damages to their home and requested an adjuster to adjust their loss.  Plaintiffs were not aware of the extent of the damages, nor the cost to repair the damages.  On or about July  21, 2015, counsel for Plaintiffs sent a revised estimate of the damage to the Plaintiffs' home prepared by Guerra-Prats Construction, LLC, containing the necessary repair and replacement cost as a result of the water leak in question.  Chubb has not responded. Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendant, Chubb, has failed and refused to pay Plaintiffs a just amount in accordance with their contractual obligations, agreements, and representations.  In fact, after Defendants', Chubb's and Pritchard's, refusals to pay and properly investigate, Plaintiffs were forced to file suit to seek the policy benefits to which they were entitled.  Defendant, Chubb's, and Defendant Pritchard's, denials and delays, were wrong, improper, and made knowingly. Defendants, Chubb and Pritchard, knew that substantial damage had been done by the August 10, 2014 water leak, and refused to properly inspect and investigate Plaintiffs' claim for covered damages.

## VII.  CAUSE OF ACTION FOR BREACH OF CONTRACT

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein for this cause of action.

According to the Insurance Policy that Plaintiffs purchased, Defendant, Chubb, and Defendant, Pritchard, have the duty to investigate and pay Plaintiffs policy benefits for claims made for covered damages, including additional

benefits under the Policy, resulting from a water heater leak. As a result of a August 10, 2014 water leak and/or ensuing losses from the August 10, 2014 water leak, both of which are covered perils under the Policy, Plaintiffs' property has been damaged.

Defendant, Chubb's and Defendant Pritchard's failure and refusal, as described above, to pay for all of the covered damages, as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant, Chubb's, contract with Plaintiffs. Defendant, Chubb, failed to timely pay Plaintiffs for covered damages as required by the terms of Plaintiffs' policy.  Defendants, Chubb and Pritchard, failed to comply with the terms and conditions of the policy, including, but not limited to, the appraisal provision of Plaintiffs' policy.  As a result of Defendants, Chubb's and Pritchard's acts and omissions, Defendant, Chubb, breached the contract with Plaintiffs.  As a result of Defendant, Chubb's breach of contract, Plaintiffs are entitled to attorney's fees under Chapter 38 of the Civil Practice and Remedies Code.

### VIII. CAUSE OF ACTION FOR VIOLATION OF SECTION 542

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein for this cause of action.

Defendant, Chubb, and Defendant, Pritchard's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code.

Defendant, Chubb, failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant, Chubb's, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055. Defendant, Chubb, failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant, Chubb's, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

Defendant, Chubb, failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for his claim. Defendant, Chubb's, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

From and after the time Plaintiffs' claim was presented to Defendant, Chubb, the liability of Defendant, Chubb, to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant, Chubb, has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.

Defendant, Chubb's, conduct constitutes a breach of the common law duty of good faith and fair dealing.

As a result of Defendants, Chubb's and Pritchard's, wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firms who are representing them with respect to these causes of action.

Plaintiffs' experience is not an isolated case. The acts and omissions, Defendants, Chubb, and Pritchard, committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant, Chubb, with regard to handling these types of claims. Defendant, Chubb's, entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders. In addition, in the event it is determined that Defendants owe Plaintiffs any additional monies on Plaintiffs' claim, then Defendants have automatically violated Section 542 in this case.

### IX. CAUSE OF ACTION FOR BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein for this cause of action. By its acts, omissions, failures and conduct, Defendant, Chubb, has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant,

Chubb, has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendants, Chubb and Pritchard, knew or should have known that it was reasonably clear that the claim was covered. When Defendant, Chubb, and Defendant, Pritchard, and their agents engaged in the acts and omissions stated in this petition and visited and inspected Plaintiffs' property, in connection with Plaintiffs' property damage, Defendants, Chubb, and Pritchard knew or should have known that Plaintiffs have sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policy. Defendant, Chubb and Defendant, Pritchard, knew that a substantial covered loss was owed. Nonetheless, Defendants, Chubb and Pritchard denied, delayed, and failed to pay and properly investigate some or all of Plaintiffs' covered losses with no reasonable basis.

### X. CAUSE OF ACTION FOR UNFAIR INSURANCE PRACTICES

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein. Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant, Chubb and Defendant, Pritchard, under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants, Chubb and Pritchard have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such

violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendants' failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiffs the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

## A. DEFENDANT CHUBB

1. Defendant, Chubb's, conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

2. Defendant, Chubb's, unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance,  Tex. Ins. Code §541.060(a)(1).

3. Defendant, Chubbs's, unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Chubb's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

4. Defendant, Chubb's, unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

5. Defendant, Chubb's, unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

6. Defendant, Chubb's, unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

7. Defendant, Chubb's, unfair settlement practice, as described above, of failing to handle or process the Plaintiffs' claims in good faith; is in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135 (Tex. 1988);

**B. DEFENDANT PRITCHARD**

1. Defendant, Pritchard's, conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a).

All violations under this article are made actionable by Tex. Ins. Code §541.151.

2. Defendant, Pritchard, is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Defendant, Chubb, because each is a "person" as defined by Tex. Ins. Code §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." Tex. Ins. Code §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

3. Defendant, Pritchard's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

4. Defendant, Pritchard's  unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

5. The unfair settlement practice of Defendant, Pritchard, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

6. Defendant, Pritchard's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

7. Defendant, Pritchard's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

Defendant, Chubb and Defendant, Pritchard, have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. All of the above-described acts, omissions, and failures of Defendants, Chubb and Pritchard were done knowingly as that term is used in the Texas Insurance Code. These acts and omissions and failures are violations of Chapters 541 and 542 of the Texas Insurance Code.  Defendants, Chubb and Pritchard, violated Chapters

542 of the Texas Insurance Code, and are liable for the actual damages, penalties and attorney's fees provided for therein. Defendant, Chubb and Pritchards', conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

## XI. DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' home and any investigative fees incurred in the claim. The conduct of Defendant, Chubb and Defendant, Pritchard, proximately caused the injuries and damages to the Plaintiffs for which they herein sue.

Plaintiffs are also entitled to recover damages as well as attorney's fees under Chapter 38 of the Civil Practice and Remedies Code for Defendant, Chubb's, breach of contract. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant, Chubb, as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## XII. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this

action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

### XIII. PRAYER

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs request a <u>jury trial</u> and tender the statutory jury fee to the Clerk of the Court, along with the filing of the Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray, move and respectfully request this Honorable Court for the following relief:

That upon final hearing and trial hereof, the Honorable Court grant to the Plaintiffs such relief as to which they may show themselves justly entitled, either at law or in equity, either general or special, including declaratory judgment against Defendant, Chubb and Defendant, Pritchard, judgment against the Defendants for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages under the facts set forth in this or any amended pleading.

Respectfully submitted,

THOMAS C. HALL, P.C.


By:_____
/s/ *Thomas C. Hall*

Thomas C. Hall
115. E. Travis Street
Suite 700
San Antonio, TX  78205
210/222-2000
210/222-1156 (Fax)
Email: hall@tomhall-lawyer.com
State Bar #08774550
**ATTORNEYS FOR PLAINTIFFS**

## CAUSE NO. 2015CI19460

| | | |
|---|---|---|
| **BRYAN P. CARTALL AND** | § | **IN THE DISTRICT COURT** |
| **REBECCA P. CARTALL,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **73rd JUDICIAL DISTRICT** |
| | § | |
| **CHUBB LLOYDS INSURANCE** | § | |
| **COMPANY OF TEXAS AND ROBERT** | § | |
| **LYNN PRITCHARD, JR.** | § | |
| | § | |
| **Defendants.** | § | **BEXAR COUNTY, TEXAS** |

## DEFENDANTS CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS AND <u>ROBERT LYNN PRITCHARD, JR.'S ORIGINAL ANSWER</u>

Defendants CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS ("CHUBB") AND ROBERT LYNN PRITCHARD, JR. ("PRITCHARD") (collectively referred to as the "Defendants") files this their Original Answer to Plaintiff's Original Petition as follows:

## I.
## GENERAL DENIAL

Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations of Plaintiff's Original Petition and demand strict proof thereof.

## II.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that Plaintiffs take nothing by their suit herein and that they be granted such other and further relief, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/ Jennifer G. Martin*
**JENNIFER G. MARTIN**
Texas State Bar No. 00794233
Email: jmartin@schellcooley.com
**MICHAEL D. ROSE**
Texas State Bar No. 24035610
Email: mrose@schellcooley.ocm
**SCHELL COOLEY LLP**
15455 North Dallas Parkway, Suite 550
Addison, Texas 75001
214-665-2000
214-754-0060 — Facsimile

**ATTORNEYS FOR DEFENDANTS
CHUBB LLOYD'S INSURANCE COMPANY OF
TEXAS AND ROBERT LYNN PRITCHARD, JR.**

## CERTIFICATE OF SERVICE

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing pleading was served on counsel of record in accordance with the Texas Rules of Civil Procedure, on this **23rd** day of **December, 2015.**

*/s/ Jennifer G. Martin*
**JENNIFER G. MARTIN**