# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION



| | |
|---|---|
| BRYAN P. CARTALL AND REBECCA P. CARTALL,<br>　　Plaintiffs,<br><br>v.<br><br>CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT LYNN PRITCHARD, JR.,<br>　　Defendants. | Cause No. SA-16-CV-0002-OLG |

## ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

On this date the Court considered Plaintiffs' motion for remand (docket no. 6), Defendant Chubb Lloyds Insurance Company's ("Chubb Lloyds") response in opposition (docket no. 14), and Defendant's supplemental response (docket no. 24). In their motion, Plaintiffs assert this Court should remand this case because the Court lacks subject matter jurisdiction over this dispute. Specifically, Plaintiffs note they have "sufficiently pled allegations against Defendant Robert Lynn Pritchard, Jr.," who, like the Plaintiffs in this case, is a resident of the state of Texas. Plaintiffs allege this fact defeats this Court's diversity jurisdiction. On the other hand, Defendant Chubb Lloyds alleges Mr. Pritchard was improperly joined, and his citizenship should be disregarded for purposes of diversity jurisdiction. Therefore, the Court must determine whether joiner of Mr. Pritchard is proper in this case.

### A. Standard of Review and Applicable Law

A court's subject matter jurisdiction may be defeated by the addition of a non-diverse defendant. *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (explaining that generally jurisdiction is determined at the time a suit is removed and post-removal developments to lower the amount in controversy or change the citizenship of a party

will not divest jurisdiction, but noting that the addition of a non-diverse defendant will defeat jurisdiction). Since joinder of a non-diverse defendant has such a drastic consequence on jurisdiction, a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

The burden of demonstrating improper joinder is a heavy one. *McDonal v. Abbott Lab*, 408 F.3d 177, 183 (5th Cir. 2000). In order establish improper joinder, the party seeking removal must demonstrate either (1) actual fraud in the pleading of jurisdictional fact; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* The test for fraudulent or improper joinder is whether the Defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state Defendant; that is, "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Id.*

## B. Application

Plaintiffs filed suit against Defendant Chubb and Defendant Pritchard in state court alleging violations of the law of good faith and fair dealing under common law and under Chapters 541 and 542 of the Texas Insurance Code, the Texas Deceptive Trade Practice Act, and for breach of contract (*see* docket no. 6). Plaintiffs alleged damage to their home as a result of a water heater. *Id.* Plaintiffs allege in their original petition that Defendant Pritchard's actions violated Chapter 542 of the Texas Insurance Code. Specifically, Plaintiffs allege that Defendant Pritchard visited and inspected Plaintiffs' property in connection with Plaintiff's property damage, and that he knew or should have known that Plaintiffs "had sustained significant damage to their property requiring significant repairs as a result of a loss and peril covered by the

2

insurance policy" (docket no. 6, p. 2). Furthermore, Plaintiffs allege in their Original Petition that Pritchard "denied, delayed and failed to properly investigate and pay some or all of Plaintiffs claims." *Id.* Plaintiffs plead that "the investigation, adjustment and resolution of Plaintiffs' claim resulted in a failure to pay for the proper repair of Plaintiffs' home." Consequently, Plaintiffs allege Defendant Pritchard is liable for unfair and deceptive acts irrespective of the fact that he was acting on behalf of Defendant Chubb, because both Defendants are a "person" as defined by TEX. INS. CODE. § 541.002(2). Importantly, they allege an insurance adjuster, in this case Defendant Pritchard, is specifically included in the definition of person in that section.

Plaintiffs also allege that Defendant Pritchard misrepresented material facts related to the coverage at issue. Plaintiffs allege Pritchard failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim. They also allege Defendant Pritchard's actions constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance in violation of TEX. INS. CODE § 541.060(a)(3). Specifically, Plaintiffs allege Defendant Pritchard violated "his duty of good faith and fair dealings and those actions were done knowingly as that term is used in the Texas Insurance Code" (docket no. 6, p. 3).

Defendant Chubb alleges Plaintiff's original petition lacks the necessary factual allegations to raise any viable claim against Defendant Pritchard. After reviewing Plaintiff's complaint and motion, Defendant's responses, and the other pleadings in this case, the Court disagrees with Defendant's assertion. The Texas Supreme Court has held that individual persons engaged in the business of insurance may be held personally liable for conduct that violates the Texas Insurance Code. *See generally Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998). It is undisputed that Defendant Pritchard was the adjuster responsible for handling Plaintiffs' claim. The Court finds Plaintiff has presented sufficient facts to raise a viable claim under Texas law, including possible violations of the Texas Insurance Code.

3

In evaluating a claim of fraudulent joinder, the Court does not have to determine whether plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so. *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997). In this case, the Court cannot conclusively state that Texas law precludes Plaintiffs' theories of recovery against Mr. Pritchard. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) ("In deciding whether a party was improperly joined, the court must resolve all contested factual issues and ambiguities of state law in favor of the plaintiff."). Defendant Chubb Lloyds has not shown that Plaintiffs' allegations against Mr. Pritchard fail to state a claim under Texas Law, and therefore, have not shown that Mr. Pritchard was improperly joined. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

Because the Court finds Mr. Pritchard is a proper defendant, and since Plaintiffs and Mr. Pritchard share Texas citizenship, the Court finds it lacks diversity jurisdiction and must remand. *See* 28 U.S.C. §§ 1332, 1447. Accordingly, the Court GRANTS Plaintiffs' motion to remand. Defendant Chubb Lloyd's Motion to Dismiss (docket no. 9) is DENIED AS MOOT. The Clerk is directed to REMAND this case to the 73rd Judicial District, Bexar County, Texas and close this case upon entry of this Order.

It is so ORDERED.

SIGNED this 29th day of June, 2016.

Chief United States District Judge Orlando L. Garcia